# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------x
:
JAMAAL WILLIAMS :
d/b/a DWEEB LIFESTYLE , : Civil Action No.
:
        Plaintiff, :
:
  -against- : Jury Trial Demanded
:
JOSEPH EMMANUEL BLANCHE :
d/b/a CBNC a/d/b/a Chubby Boob Nerd Crew :
:
        Defendant. :
---------------------------------------------------------------x

## COMPLAINT

Plaintiff Jamaal Williams ("Plaintiff"), by and through his counsel, for his complaint against Defendant Joseph Emmanuel Blanche ("Defendant") states and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for trademark infringement and false designation under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and under federal and District of Columbia common law for trademark infringement and unfair competition.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338 and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendant pursuant to D.C. Code § 13-423. Upon information and belief, Defendant conducted and continues to conduct business in the District of Columbia and has engaged in acts in violation of Plaintiff's rights and caused Plaintiff to suffer tortious injury in the District of Columbia.

4. Venue in this District is proper under 28 U.S.C. § 1391 in that a substantial part of the acts of infringement giving rise to this lawsuit, as well as substantial injury to Plaintiff, occurred in this District and Defendant, on information and belief, conducts business in this District.

## PARTIES

5. Plaintiff Jamaal Williams is an individual with a residence in Washington, D.C. and is doing business as DWEEB Lifestyle ("DWEEB"), through which Plaintiff conducts business throughout the United States, including in the District of Columbia, as a designer and retailer of clothing apparel.

6. Upon information and belief, Defendant Joseph Emmanuel Blanche is an individual with a residence in Southern California and is doing business as CBNC a/d/b/a Chubby Boob Nerd Crew f/d/b/a Chubby Boob ("CBNC"), through which Defendant conducts business throughout the United States and regularly and systematically solicits and transacts business in the District of Columbia. Upon information and belief, Defendant directed, supervised and controlled the infringing activities of CBNC complained of herein and derived direct financial benefit from such infringing activities.

## FACTUAL BACKGROUND

<u>Plaintiff's DWEEB business and Design Mark</u>

7. Plaintiff founded DWEEB in early 2008 and since that time, Plaintiff has been engaged in the design, manufacture, marketing and sale of trendsetting, streetwise clothing apparel under the DWEEB name. Plaintiff markets and promotes the DWEEB brand of goods through its website and online social media, and by DWEEB's sponsorship of artists and various public events that reflect DWEEB's aesthetic. Plaintiff sells DWEEB goods through its online store to consumers nationwide.

8. Plaintiff is the owner of a distinctive design mark used by Plaintiff in connection with the design, marketing, advertising and sale of DWEEB goods and with the promotion of the DWEEB brand (the "DWEEB Mark"), a representation of which is depicted below:



9. Plaintiff has continually used the DWEEB Mark in interstate commerce since DWEEB's inception to market, promote, and sell DWEEB goods and in connection with the promotion of the DWEEB brand.  As part of these efforts, Plaintiff regularly uses the DWEEB Mark as a design element and/or tag design in DWEEB's clothing apparel as a way to identify the source of the goods and to promote the DWEEB brand.  Plaintiff has expended substantial time, money and other resources in developing, advertising and otherwise promoting the DWEEB Mark with the DWEEB brand.

10. To protect its investment and the goodwill associated with the DWEEB Mark, Plaintiff has obtained the U.S. trademark registration for the DWEEB Mark, Registration No. 3,810,340, in International Class 25, registration attached as Exhibit A.

11. In addition to its Federal trademark registration, Plaintiff also possesses common law rights in the DWEEB Mark based on Plaintiff's longstanding use of the DWEEB Mark to identify its products and the DWEEB brand and on the consuming public's association of the DWEEB Mark with DWEEB.

12. Representative examples of DWEEB goods bearing the DWEEB Mark and of Plaintiff's use of the DWEEB Mark to promote DWEEB are depicted in attached Exhibit B.

Defendant's Infringing Use

13. Defendant is engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale goods bearing a logo and/or design element that is virtually indistinguishable and confusingly similar to Plaintiff's DWEEB Mark, a representation of that infringing mark by Defendant is depicted below:



14. Specifically, as part of its "Chubby Boob Nerd Crew" or "CBNC" line of apparel, Plaintiff has and continues to market and sell clothing apparel marked with the DWEEB Mark as a source-identifying logo and/or as a design element (the "Infringing Goods").  In addition, Defendant has appropriated the DWEEB Mark as a secondary logo for the CBNC brand and its promotions.

15. Representative examples of the Infringing Goods bearing the DWEEB Mark and of Defendant's use of the DWEEB Mark to promote CBNC are depicted in attached Exhibit C.

16. Defendant advertises, promotes and sells the Infringing Goods through CBNC's online store, which is accessible and available to, and soliciting of, the general public, and through boutique stores and expositions. Upon information and belief, Defendant sells and ships Infringing Goods to customers within the District of Columbia through, *inter alia*, the online store and at boutique stores located within the District of Columbia.

17. Upon information and belief, Plaintiff and Defendant compete for the same consumers' business and brand loyalty. The likelihood of confusion for consumers and the public

between Plaintiff's and Defendant's use of the DWEEB Mark is particularly strong due to the nature of the marked goods and the means of marketing and promotion. Both Plaintiff and Defendant use online stores and social media to promote and sell similar goods, including but not limited to t-shirts, hooded sweatshirts, and other youth-oriented, trendsetting clothing apparel, to consumers nationwide.

18. In October 2009, Plaintiff discovered from third-party consumers that Defendant, which at that time was doing business as Chubby Boob, was marketing and selling Infringing Goods in its Chubby Boob Nerd Crew line of clothing apparel. Plaintiff contacted Defendant regarding this issue. Despite conceding that it was "baffle[d] . . . to see how similar the actual [logo] design is" and despite acknowledging that Plaintiff's use of the DWEEB Mark in commerce predated its own, Defendant informed Plaintiff that the Infringing Goods were already in production and that such production and sale would not be stopped.

19. Upon information and belief, Defendant subsequently produced a new selection of Infringing Goods in the Chubby Boob Nerd Crew line and, in March 2011, Plaintiff warned Defendant of the infringing use and demanded that it stop.

20. Upon information and belief, in early 2012, Defendant changed the name of its brand from Chubby Boob to Chubby Boob Nerd Crew, represented by the acronym CBNC. Upon information and belief, this name change reflected Defendant's intention of expanding and/or emphasizing the line of apparel associated with the Infringing Goods. Upon information and belief, Defendant has since put out a new line of Infringing Goods in the CBNC line available for sale on Defendant's online store and has used the DWEEB Mark to promote the "new" CBNC brand. In June 2012, Defendant announced a partnership to market CBNC items at a boutique store in Washington D.C. Upon information and belief, Defendant markets and sells Infringing

Goods, and/or uses the DWEEB Mark to promote CBNC, at the Washington D.C. boutique store.

21. Plaintiff, perceiving Defendant's willful intention to expand its infringing use of the DWEEB Mark, sent Plaintiff a cease and desist letter in July 2012, demanding that Defendant cease its infringing use. Defendant nevertheless continues to market, promote and sell the Infringing Goods in this District and nationwide.

22. Defendant has no license, authority or other permission from Plaintiff to use the DWEEB Mark in connection with any CBNC goods or brand promotion.

23. Upon information and belief, Plaintiff's use of the DWEEB Mark in interstate commerce predates Defendant's use.

24. Defendant's use of the DWEEB Mark, or a design element/logo virtually indistinguishable thereto, has caused and is likely to further cause consumer confusion and constitutes trademark infringement, false designation of origin, and unfair competition. Defendant's above-described activities have and are likely, further, to create a false impression and deceive consumers, the public and the trade into believing that there is a connection or association between CBNC, its good and services, and DWEEB.

25. Defendant's knowing and deliberate infringement of the DWEEB Mark and Defendant's promotion and sale of its Infringing Goods has caused, and continues to cause, substantial and irreparable harm to Plaintiff's goodwill and reputation.

26. Plaintiff therefore seeks the immediate entry of an injunction preventing Defendant from using the confusingly similar mark and from selling the Infringing Goods. Plaintiff also seeks damages, including exemplary damages and attorneys' fees, as a result of Defendant's knowing, deliberate and willful infringement of Plaintiff's DWEEB Mark.

**FIRST CLAIM FOR RELIEF**
(Trademark Infringement - 15 U.S.C. § 1114)

27. Plaintiff realleges and restates the allegations contained in Paragraphs 1 through 26, inclusive, as though fully set forth herein.

28. The DWEEB Mark is the subject of a valid and registered trademark and Plaintiff is, and at all relevant times has been, the legal owner of the DWEEB Mark.

29. Defendant's unauthorized distribution, marketing, promotion, offering for sale, and sale of goods and services that bear DWEEB Mark is likely to cause confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of Defendant's goods. As a result of Defendant's unauthorized use of trademarks that are identical to and/or confusingly similar to Plaintiff's federally registered mark, the public is likely to believe that CBNC's goods have been manufactured, approved by, or are affiliated with DWEEB.

30. Defendant's infringement is willful, intentional, and in disregard of and with indifference to the rights of Plaintiff and violates Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31. As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered and will continue to suffer damages and Defendant has and will continue to unfairly acquire income, profits and goodwill.

32. Unless restrained and enjoined, Defendant's continuing acts of infringement will cause Plaintiff further irreparable harm and damage for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
(False Designation of Origin - 15 U.S.C. § 1125(a))

33. Plaintiff realleges and restates the allegations contained in Paragraphs 1 through 32, inclusive, as though fully set forth herein.

34. Defendant, in connection with the offering for sale, distribution, promotion, and/or advertising of its goods and services, uses in commerce a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, which is likely to cause confusion or to deceive as to the affiliation, connection, or association of CBNC with DWEEB, or as to the origin, sponsorship, authorization, approval, and/or endorsement by DWEEB of CBNC's goods, services or commercial activities.

35. The foregoing acts of Defendant are willful and constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. As a direct and proximate result of Defendant's false designation of origin, and false and misleading descriptions and representations of fact, Plaintiff has suffered and will continue to suffer damages and Defendant has and will continue to unfairly acquire income, profits and goodwill.

37. Unless restrained and enjoined, Defendant's continuing acts of false designation of origin, and false and misleading descriptions and representations of fact will cause Plaintiff further irreparable harm and damage for which there is no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
(Trademark Infringement - Common Law)

38. Plaintiff realleges and restates the allegations contained in Paragraphs 1 through 37 inclusive, as though fully set forth herein.

39. Plaintiff owns all rights, title, and interest in and to the DWEEB Mark, including all common law rights in such marks.

40. Defendant uses, without authorization, in commerce a reproduction, counterfeit, copy, or colorable imitation of the DWEEB Mark in connection with the sale, offering for sale, distribution, promotion, and advertising of its goods and services on or in connection, which is likely to cause confusion, or to cause mistake, or to deceive among consumers, the public, and the trade.

41. Defendant's unauthorized distribution, marketing, promotion, offering for sale, and sale of goods and services that bear DWEEB Mark is likely to cause confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of Defendant's goods. As a result of Defendant's unauthorized use of trademarks that are identical to and/or confusingly similar to Plaintiff's federally registered mark, the public is likely to believe that CBNC's goods have been manufactured, approved by, or are affiliated with DWEEB.

42. Defendant's infringement is willful, intentional, and in disregard of and with indifference to the rights of Plaintiff, inasmuch as Defendant was aware, and had reason to believe, that its use constituted infringement of the DWEEB Mark.

43. Defendant's unauthorized use of the DWEEB Mark constitutes trademark infringement in violation of the common law of the District of Columbia.

44. As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered and will continue to suffer damages and Defendant has and will continue to unfairly acquire income, profits and goodwill.

45. Unless restrained and enjoined, Defendant's continuing acts of infringement will cause Plaintiff further irreparable harm and damage for which there is no adequate remedy at

law.

## FOURTH CLAIM FOR RELIEF
(Unfair Competition – Common Law)

46. Plaintiff realleges and restates the allegations contained in Paragraphs 1 through 45, inclusive, as though fully set forth herein.

47. Defendant has willfully infringed Plaintiff's DWEEB Mark in violation of Plaintiff's proprietary rights with the intention of reaping the benefit of the goodwill associated with the DWEEB Mark. Such acts constitute unfair competition under the common law of the District of Columbia.

48. As a direct and proximate result of Defendant's infringing activities, Plaintiff has suffered and will continue to suffer damages and Defendant has and will continue to unfairly acquire income, profits and goodwill.

49. Unless restrained and enjoined, Defendant's continuing acts of unfair competition will cause Plaintiff further irreparable harm and damage for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff requests judgment against Defendants as follows:

   A.   That the Court issue a preliminary and permanent injunction enjoining Defendant, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, and each of them who receives notice directly or otherwise of such injunction from:

   i. using the DWEEB Mark, or any other trademarks or logos that are confusingly similar to the DWEEB Mark, for retail products or services, or making any other

      unlawful use of the DWEEB Mark;

ii. using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed, offered for sale, or sold by Defendant is in any manner associated or connected with DWEEB, or is licensed, sponsored, approved, or authorized by DWEEB;

iii. engaging in any other activity constituting unfair competition with Plaintiff, or constituting infringement of the DWEEB Mark;

iv. disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to any retail services offered in connection with the DWEEB Mark, or any mark or designation that is confusingly similar to the DWEEB Mark;

v. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above.

B.    That the Court enter an order pursuant to 15 U.S.C. § 1116(d)(1)(A) impounding all counterfeit and infringing merchandise and materials bearing the DWEEB Mark or designation that is confusingly similar to the DWEEB Mark.

C.    That the Court enter an order for Defendant to account to and pay to Plaintiff all profits realized by its wrongful acts and awarding Plaintiffs its actual damages trebled in accordance with 15 U.S.C. § 1117 (a), (b), or, alternatively at Plaintiff's election, awarding Plaintiff statutory damages of up to two million dollars ($2,000,000) per counterfeit mark

per type of goods or services sold, offered for sale, or distributed in accordance with 15 U.S.C. § 1117(c).

D. That the Court enter an order awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums.

E. That the Court enter an order awarding Plaintiff its costs in this civil action, including reasonable attorneys' fees and expenses.

F. That the Court enter an order awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

G. That the Court enter an order directing that Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the above.

H. That the Court enter an order awarding Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands trial by jury on all issues triable by right of jury in this action.

**DATED**: October 5, 2012
Washington, D.C.

Respectfully submitted,

By:    /s/ Michael P. Lewis

Michael P. Lewis, Esq., DC 503311
The Lewis Firm PLLC
1225 15th Street NW
Washington, DC 20005
Tel: (202) 630-6006
Fax: (888) 430-6695
mlewis@lewis-firm.com

Justin S. Stern, Esq.
The Comber Law Group
132 East 43rd Street, #338
New York, NY 10017
Tel: (917) 584-4766
justinsstern@gmail.com

*Attorneys for the Plaintiff*
*Jamaal Williams*